ACCEPTED
03-15-00384-CV
6985264
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/18/2015 9:21:42 AM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00384-CV

_____

## IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/18/2015 9:21:42 AM
JEFFREY D. KYLE
Clerk

Austin, Texas

_____

## CRYSTAL BINGHAM HERNANDEZ
## APPELLANT

## vs.

## TIFFANY POLLEY
## APPELLEE

_____

## On Appeal from the County Court at Law No. 2
## Tom Green County, Texas
## The Honorable Penny Roberts, Judge Presiding

_____

## APPELLANT'S BRIEF

_____

## RICK DEHOYOS
## LAW OFFICE OF RICK DEHOYOS PLLC
## SBN 05644085
## 502 SOUTH IRVING
## SAN ANGELO, TEXAS 76903
## Tel: 325-658-8000
## Fax: 325-227-6913
## Email: rick@dehoyoslawfirm.com
## ATTORNEY FOR APPELLANT

APPELLANT DOES NOT REQUEST ORAL ARGUMENT

1

# I.
## IDENTITIES OF PARTIES AND COUNSEL

| IDENTITIES OF PARTIES | IDENTITIES OF COUNSEL |
|---|---|
| Crystal Bingham Hernandez, Plaintiff, Appellant | **RICK DEHOYOS**<br>**LAW OFFICE OF RICK DEHOYOS, PLLC**<br>**SBN 05644085**<br>**502 SOUTH IRVING**<br>**SAN ANGELO, TEXAS 76903**<br>**Tel: 325-658-8000**<br>**Fax: 325-227-6913**<br>**Email: rick@dehoyoslawfirm.com**<br>**ATTORNEY FOR APPELLANT** |
| Tiffany Polley Defendant, Appellee | **KIRK D. WILLIS**<br>**BENTON WILLIAMS**<br>**THE WILLIS LAW GROUP**<br>**SBN: 21648500**<br>**10440 NORTH CENTRAL EXPRESSWAY STE 520**<br>**DALLAS TEXAS, 75231**<br>**Telephone: 214-736-9433**<br>**Fax: 214-736-9994**<br>**Email:**<br>**service@thewillislawgroup.com**<br>**ATTORNEY FOR APPELLEE** |
| Judge Presiding | **Hon. Penny Roberts**<br>**County Court at Law No. 2**<br>**122 West Harris**<br>**San Angelo, Texas 76903**<br>**Tel: (325) 658-2495** |

# II.
# TABLE OF CONTENTS

<u>DESCRIPTION</u>                                                                          <u>PAGES</u>


IDENTITIES OF PARTIES AND COUNSEL                                         2

TABLE OF CONTENTS                                                              3

INDEX OF AUTHORITIES                                                         4

STATEMENT OF THE CASE                                                       7

STATEMENT OF JURISDICTION                                               8

ISSUES PRESENTED                                                                8

STATEMENT OF FACTS                                                          8

STANDARD OF REVIEW                                                         10

SUMMARY OF THE ARGUMENT                                             11

ARGUMENT & AUTHORITIES                                                 11

<u>ISSUE NO. 1:</u>  **THE TRIAL COURT ABUSED ITS DISCRETION
BY NOT FOLLOWING WELL GUIDED RULES AND
PRINCIPLES IN ISSUING A DEATH PENALTY DISCOVERY
SANCTION.**                                                                        11

<u>ISSUE NO. 2:</u> **THE TRIAL COURT ERRED OR ABUSED ITS
DISCRETION IN IMPOSING A DEATH PENALTY SANCTION
AND FAILING OR REFUSING TO SPECIFY THE DISCOVERY
THAT HAD NOT BEEN PRODUCED IN ITS FINDING OF FACTS
AND CONCLUSIONS OF LAW.**                                           32


PRAYER                                                                            33

CERTIFICATE OF ELECTRONIC SERVICE                            35

CERTIFICATE OF COMPLIANCE                                          35

APPENDIX                                                                        36

## III.
## INDEX OF AUTHORITIES

CASES                                                                    PAGE

*Andras v. Memorial Hospital System,* 888 S.W.2d 567
(Tex. App.—Houston [1st Dist.] 1994, writ denied)..…………………………..23,24

*Boy Scouts of America v. Responsive Terminal System., Inc.*
790 S.W.2d 738, 742 (Tex. App.-Dallas 1990, writ
denied)……………………….…………….…………………………………………...32

*Chrysler Corp. v. Blackmon* 841 S. W.2d 844 (Tex. 1992)…………..………16,17,18

*Cire v. Cummings,* 134 S.W.3d 835, (Tex. 2004)………..…...10,12,13,15,20,21,31

*Cortinas v. Lopez* ; (No. 13-14-00242-CV 13th Court of Appeals
Corpus Christi-Edinburg December 10, 2014 Pet. Denied)……………….14,21,22

*Daniel v. Kelley Oil Corp.,* 981 S.W.2d 230
(Tex. App.—Houston [1st Dist.] 1998, pet. denied) (op. on reh'g)………………11

*GTE Comm's Sys. Corp. v. Tanner,* 856 S.W.2d 725,  (Tex. 1993)……..…13,18,30

*Hamill v. Level,* 917 S.W.2d 15, 16 (Tex. 1996)…………………………………12

*In re Western Star Trucks US, Inc.,* 112 S.W.3d 756,
(Tex. App.—Eastland 2003) (orig. proceeding)........................................15,22,23

*Paradigm Oil Inc.v. Retamco Operating Inc.,* 161 S.W.3d at 531
(Tex. App-San Antonio 2004)……………………………………………….........15

*Response Time, Inc. v. Sterling Commerce (N. Am.), Inc*
95 S.W.3d 656, (Tex. App.--Dallas 2002, no pet.)………………………….…....12

*Sphon Hosp. v. Mayer,* 104 S.W.3d 878, (Tex. 2003)………..…...12,13,16,19,20 30

*Stretcher v. Greeg,* 542 s.w.2d 954, 958 (Tex. Civ. App. –
Texarkana 1976 no writ);…………………………………………………….....32

*TransAmerican Natural Gas Corp. v. Powell*
811 S.W.2d 913, (Tex. 1991) ......................................................12,13,16,18,30,31

*Vickery v. Comm'n for Lawyer Discipline,* 5 S.W.3d 241, 252
(Tex. App. – Houston 14[th]Dist. 1999 pet. denied)………..……………….…….32,33

**STATUTES AND CODES**

Tex. Gov't Code Ann. Section 22.220(a)............................................................8

Texas Insurance Code Chapter 462.251………………………………….……...13

Texas Rules of Civil Procedure 194.2(j)………………………………………28

Texas Rules of Civil Procedure 197.2………………………………………......29

Texas Rules of Civil Procedure  215.2 (b)……………………………………..19

Texas Rules of Civil Procedure 299…………………………………………32

5

_____

# IN THE COURT OF APPEALS FOR THE
# THIRD JUDICIAL DISTRICT OF TEXAS

Austin, Texas

_____

## CRYSTAL BINGHAM HERNANDEZ
## APPELLANT

**vs.**

## TIFFANY POLLEY
## APPELLEE

_____

## On Appeal from the County Court at Law No. 2
## Tom Green County, Texas
## The Honorable Penny Roberts, Judge Presiding

_____

## APPELLANT'S BRIEF

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellant, Crystal Bingham Hernandez, Plaintiff in the trial court, submits this Brief of Appellant, in accordance with Rule 38 of the Texas Rules of Appellate Procedure and all local rules of this Court. Appellant respectfully requests this Court to reverse the take nothing-judgment following entry of dismissal against Appellant on her causes of action and to remand this case for trial. In support thereof, Appellant respectfully alleges as follows:

## IV.
## STATEMENT OF THE CASE

Appellant Crystal Bingham Hernandez filed this lawsuit on **September 17, 2012** claiming damages as a result of injuries she sustained in a motor vehicle collision in which Patricia Michelle Rose was driving a 2005 Chevrolet Cobalt and rear ended her vehicle at a street intersection in San Angelo, Tom Green County, Texas. Appellant further asserted a negligent entrustment claim against Tiffany Polley.

**On January 9, 2013** Kirk Willis attorney for the Texas Guaranty Fund filed an answer and made an appearance on behalf of Tiffany Polley. **(CR 12)**.

**On September 30, 2013,** trial court signed an Agreed Order granting Defendant Tiffany Polley's Motion to Compel and Plea in Abatement requiring Appellant to produce certain documents in discovery. **(CR19)**.

**On June 6, 2014** Appellee filed a Motion to Dismiss seeking Sanctions against Appellant for failing to produce discovery. **(CR 20)**.

**On October 8, 2014** Appellant filed a response to Appellee's Motion to dismiss outlining all efforts to comply with the discovery order. **(CR86-149)**.

**On January 8, 2015** Appellant filed a response to Appellee's Motion to dismiss attaching numerous exhibits outlining its efforts in complying with defendant's discovery request. **(CR25,26,28)**.

**On January 8, 2015** this Court granted Appellee's Motion to Dismiss on

7

behalf of Tiffany Polley and dismissed all of Appellant's causes of actions against Tiffany Polley. **(CR29)**.

# V.
# STATEMENT OF JURISDICTION

This Court possesses jurisdiction over this matter, pursuant to Tex. Gov't Code Ann. Section 22.220(a).

# VI.
# ISSUES PRESENTED

**ISSUE NO. 1:**

The trial court abused its discretion in issuing an order imposing death penalty sanctions for discovery abuse against Appellant, dismissing all of Appellant's causes of action against Appellee.

**ISSUE NO. 2:**

The trial court erred or abused its discretion in imposing a death penalty sanction and failing or refusing to specify the discovery that had not been produced in its finding of facts and conclusions of law.

# VII.
# STATEMENT OF FACTS

This case involves a motor vehicle collision that caused damages to Appellant. A lawsuit was filed and during the pendency of the claim the liability insurance company went into receivership and was represented by the Texas Guaranty Fund. On September 30, 2013 an Agreed Order was signed by the Tom

Green County Court at Law requiring Appellant to respond to certain discovery request. All other matters were abated by this Order. **(CR 19)**. On June 6, 2014 Appellee filed a Motion to Dismiss and for Sanctions seeking Sanctions against Appellant for failing to produce discovery. **(CR 20)**. The trial court had two (2) hearings on Appellee's Motion to compel seeking sanctions**.**

The first hearing was on October 8, 2014 **(RR2:3-11)** and the second hearing was on January 8, 2015 **(RR3:1-41)**. Appellant sought throughout the case to obtain clarification from the Appellee and from the trial court of the specific discovery documents that had not been produced. On October 8, 2014 the trial court and counsel for the Appellee confirmed on the record and to Appellant that the only documents that had not been produced were La Esperanza medical records, La Esperanza medical bills, and the Del Mar bills. **(RR2:15-25 and 8)**. On January 8, 2015 Appellee's counsel confirms receipt of the documents that were identified in the previous hearing and for the first time complains about a blank on an affidavit that was not filled in by Appellant. **(RR3:23-25,4-7)**. At Appellant's request the trial court filed a request for finding of facts and conclusions of law **(CR 44)** but the trial court refused or failed to identify the discovery that had not been produced. Appellant objected to the trial court's finding of facts and conclusions of law and sought amended finding of facts and conclusions of law in an attempt to identify the discovery documents that were not produced. **(CR46)**.

9

The trial court filed amended findings of facts and conclusions of law but did not specify what discovery documents were not produced by Appellant that violated the court's order. **(CR50)**. Appellant submitted proposed findings of facts and conclusions of law that were rejected by the trial court. **(CR46)**. The record demonstrates that Appellant attempted to obtain clarification of what specific documents had not been produced in discovery. A review of the entire record demonstrates that Appellant did produce in discovery to Appellee all documents that were identified on the record.

Specifically, the record demonstrates that Appellant produced all documents identified at the October 8, 2014 hearing and produced all documents identified in the September 30, 2013 Order. **(RR October 8, 2014 hearing Exhibits A-M) (CR 25,26,28, 35-39)**. Nevertheless, the trial court refused to make specific findings of discovery that had not been produced and instead generally found that Appellant did not comply with the discovery orders. On January 8, 2015, the Court granted Appellee's motion for sanctions and dismissed Appellants claim against Appellee.

## VIII.
## STANDARD OF REVIEW

A trial court's ruling on a motion for sanctions is reviewed under an abuse of discretion standard. *Cire v. Cummings*, **134 S.W.3d 835, 838 (Tex. 2004).** A trial court abuses its discretion when its ruling is arbitrary and unreasonable without reference to any guiding rules and principles. *Id*. **at 838–39**. In conducting an

10

Appellate review, the Appellate Court is not limited to a review of the "sufficiency of the evidence" to support the trial court's findings; rather, the Appellate Court will make an independent inquiry of the entire record to determine if the court abused its discretion by imposing the sanction. ***Daniel v. Kelley Oil Corp***., **981 S.W.2d 230, 234 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (op. on reh'g).**

## IX.
## SUMMARY OF ARGUMENT

The trial court abused its discretion by imposing a death penalty discovery sanction before imposing or exploring a lesser sanction. Appellant exercised due diligence in fully or substantially complying with Appellee's discovery request as demonstrated by the record. The trial court erred in not specifying in its finding of facts what specific discovery had not been produced by Appellant. Appellant has been denied due process of the law in not allowing Appellant to have a jury trial. Appellants' claims and causes of action have merit and can be proven in a trial.

## X.
## ARGUMENT & AUTHORITIES

### ISSUE NO. 1.

**THE TRIAL COURT ABUSED ITS DISCRETION BY NOT FOLLOWING WELL GUIDED RULES AND PRINCIPLES IN ISSUING A DEATH PENALTY DISCOVERY SANCTION.**

11

A trial court may not impose a sanction that is more severe than necessary to satisfy a legitimate purpose, such as compliance with discovery rules, deterring other litigants from similar conduct, and punishing violators. *Cire v. Cummings,* **134 S.W.3d 835, 839 (Tex. 2004);** *Spohn Hosp. v. Mayer,* **104 S.W.3d 878, 882 (Tex. 2003);** *TransAmerican Natural Gas Corp v. Powell,* **811 S.W.2d 913, 917 (Tex. 1991)**. Sanctions must not be excessive. *Cire,* **134 S.W.3d at 839;** *Spohn,* **104 S.W.3d at 882;** *TransAmerican,* **811 S.W.2d at 917**. That is to say, the "punishment should fit the crime." *Cire,* **134 S.W.3d at 839***; TransAmerican,* **811 S.W.2d at 917.** A death penalty sanction **"*is of particular concern*"** because the trial court renders judgment without addressing the merits of the case. *Hamill v. Level,* **917 S.W.2d 15, 16 (Tex. 1996)**.

It is well established that because a trial court's power to impose "death penalty" sanctions is limited by due process concerns, the trial court must first consider less severe sanctions before imposing "death penalty" sanctions. *Response Time, Inc. v. Sterling Commerce (N. Am.), Inc*., **95 S.W.3d 656, 660 (Tex. App.--Dallas 2002, no pet.)**. The Texas Supreme court requires trial courts to consider less stringent sanctions and determine their efficacy and whether such lesser sanctions would fully promote compliance. *TransAmerican Natural Gas Corp. v. Powell*, **811 S.W.2d at 917 (Tex. 1991);** *Cire at 840  Chrysler Corp. v. Blackmon* **841 S. W.2d 844 (Tex. 1992)**; *Sphon Hosp. v. Mayer,* **104 S.W.3d**

**878, 882 (Tex. 2003).** The record must reflect the trial court considered the availability of appropriate lesser sanctions and must contain an explanation of the appropriateness of the sanctions imposed. *Id.* **at 842** *(also applying GTE Comm's Sys. Corp. v. Tanner,* **856 S.W.2d 725, 729 (Tex. 1993)** *Id. Sphon Hosp.* **at 883 (Tex. 2003).** *Cire,* **134 S.W.3d at 839***; Spohn,* **104 S.W.3d at 882***; TransAmerican,* **811 S.W.2d at 917**. In all but the most exceptional cases, the trial court must actually test the lesser sanctions before striking a party's pleadings. *Cire,* **134 S.W.3d at 842.**

When a court imposes death penalty sanctions, the court effectively adjudicates the party's claims without regard to the merits. *TransAmerican,* **811S.W.2d at 918.** As such, death penalty sanctions are not proper sanctions unless the discovery violation justifies a presumption that the party's claims or defenses lack merit. *TransAmerican,* **811S.W.2d at 918**. Appellee alleges Appellant's claims lack merit because Appellant failed to meet its burden that no other insurance exists pursuant to *Texas Insurance Code Chapter 462.251. (***CR1:220-226**).

The record reveals that Appellant produced every item requested in discovery and there can be no presumption that Appellant's case for negligent entrustment lacks merit as the accident report establishes that Patricia Rose was driving the 1994 Jeep Wrangler while she had an expired driver's license. The

13

owner of the vehicle, Tiffany Polley, entrusted the vehicle to a person with an expired driver's license. *(CR 1:171-174)* (**CR 1:98-99: 86-152, 99-130; CR 1:86-152 RR 4,5 Exhibits A-M**). These documents attached to Appellant's response to Appellee's motion to dismiss and the documents introduced at the October 2014 and January 2015 hearing and documents on file with the court such as medical billing affidavits made part of the court record, reveal that Appellant did not have other insurance and had exhausted all health insurance that was identified.

This Court can only speculate that the trial court issued death penalty discovery sanctions in this case based on an affidavit that contained a blank that was not filled in but instead Appellant attached documents that contained the answers of the amounts paid as requested by the affidavit. In a strikingly similar case involving the same Appellee's attorneys for the Texas Guaranty Fund the 13th Court of Appeals recently stated that a "release of assignment of lien" that was provided by plaintiff's counsel although technically in violation of the court's order did not support a presumption that the plaintiff's claims lacked merit. *Maria Cortinas v. Lopez*; (**No. 13-14-00242-CV 13th Court of Appeals Corpus Christi-Edinburg December 10, 2014 Pet. Denied**). The Appellate Court reversed a death penalty discovery sanction imposed by the trial court and was not persuaded by the Appellee's **"gotcha discovery tactics"** and instead looked at the entire record in

14

concluding that the trial court acted arbitrarily and Appellate court reversed a death penalty sanction and the Texas Supreme Court denied petition.

Severe sanctions that preclude presentation of the merits should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules. *Id.* While a trial court is not required under certain circumstances to actually test the effectiveness of each available lesser sanction by actually imposing it prior to issuing death penalty sanctions, the trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed. *Cire,* **134 S.W.3d at 840, 842.** An order compelling discovery standing alone is not considered an attempt at a lesser sanction. *Paradigm Oil Inc.v. Retamco Operating Inc.,* **161 S.W.3d at 531 (Tex. App-San Antonio 2004);** *In re Western Star Trucks US, Inc.,* **112 S.W.3d 756, 766 (Tex. App.—Eastland 2003) (orig. proceeding).**

In the case at bar, the record depicts during the first Sanction hearing on October 8, 2014, Appellee's counsel confirmed that only three (3) sets of documents had not been produced in discovery. **(RR 4:18-25;5-9).** In the second hearing on January 8, 2015, the Court record establishes that the three (3) documents that had not been produced were medical records for La Esperanza, La Esperanza medical bills, and the Del Mar bills, and these records and bills had now been produced by Appellant**. (RR 4,5: Exhibits A-M)**.

15

**THE TEXAS SUPREME COURT AND COURT OF APPEALS HAVE CREATED WELL ESTABLISHED GUIDELINES, RULES AND PRINCIPLES TO FOLLOW IN ISSUING A DEATH PENALTY SANCTION AND THE TRIAL COURT'S DEATH PENALTY SANCTION IN THIS CASE WAS ARBRITRARY AND UNREASONABLE.**

**TEXAS SUPREME COURT CASES:**

**1.)** *TransAmerican Natural Gas Corp. v. Powell* **811 S.W.2d at 917(Tex. 1991)**. The Texas Supreme Court established that a trial court may not impose sanctions that are more severe than necessary to satisfy legitimate purposes. The Supreme Court developed a two-part test for courts to apply when determining whether a sanction is "just." *Id at 917*.

> First, there must be a direct nexus among the offensive conduct, the offender, and the sanction imposed. A just sanction must be directed against the abuse and toward remedying the prejudice caused to the innocent party, and the sanction should be visited upon the offender. *Id at 917.*

> Second, just sanctions must not be excessive to punish the improper conduct. That is, a sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes, which includes securing compliance with discovery rules, deterring other litigants from similar misconduct, and punishing violators. *Id*.; *see also Spohn Hosp., 104 S.W.3d at 882; Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992).*

In the case at bar, nothing in the record reveals that the trial court engaged in the required analysis and nothing in the record reveals that the trial court considered a lesser sanction to achieve a legitimate purpose. The record reflects that Appellee's counsel offered to make Appellee available

for a deposition so that under oath information could be obtained from Appellee in the event the documents produced required clarification. **(RR3: 7:12 – 19)**. The trial court after verifying that the three (3) sets of records that were identified in the October 8, 2014 hearing had been produced continued by focusing the trial court's attention on an affidavit that contained a blank that was not properly filled in. **(RR 3:40)**. The trial court could have required plaintiff to fill in the blank and could have made a finding that attaching documents that contained the answers to an affidavit was not sufficient compliance. Nothing in the record shows that the trial court ever informed Appellee that attaching records to an affidavit was not a sufficient response. Nothing in the record shows that the court engaged in an analysis to determine that the death penalty sanction was just under these circumstances.

**2.)** *Chrysler Corp. v. Blackmon,* **841 S.W.2d 844, 849-50 (Tex. 1992)**.

Texas Supreme Court noted that:

> **"….**in order to support the assessment of death penalty sanctions for discovery abuse, the movant must show that the failure to properly respond to discovery requests prejudiced the opposing party. That is to say, the movant must prove that it is unable to prepare for trial without the additional information. *Id. a*t **849-50.**

Instead of death penalty sanctions, the Court noted that:

"… reimbursement of expenses for pursuing motions to compel discovery and for sanctions would appear to be better calculated to remedy the prejudice of unnecessary fees and expenses." ***Id. at 850***. Additionally, the Texas Supreme Court noted that despite the detail that may be contained in a trial court's order of sanctions, the findings must be pertinent to the ***TransAmerican*** standards, and be supported by the record. ***Id. at 852-53.***

In the case at bar, nothing in the record shows that Appellee's defense would be jeopardized based on the documents that were provided by Appellant to Appellee and that are contained in the record. The affidavit containing a blank that was not filled in had documents attached to the affidavit containing the answer although not in the format acceptable to the Appellee. The record refutes a presumption that Appellant's case lacks merit or that Appellee's defense has been jeopardized.

**3.)**  ***GTE Communications System Corporation v. Tanner,* 856 S.W.2d 725 (Tex, 1993)**.

The Texas Supreme Court reaffirmed the ***TransAmerican*** holding noting:

> that a trial court was required to consider the availability of lesser sanction before imposing death penalty sanctions. The trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed. ***Id at 729***. The court reemphasized that case-determinative sanctions may only be imposed in **"exceptional cases"** where they are **"**clearly justified" and it is "fully apparent that no lesser sanctions would promote compliance with the rules". **Id. At 729-730**.

The trial court in the present case did not analyze the available

sanctions and did not impose available sanctions to determine if compliance could be achieved. The trial court did not establish why any of the sanctions below would not have promoted compliance. None of the available sanctions were tried in this case. **Texas Rules of Civil Procedure 215.2 (b)** lists the other sanctions that a trial court may impose:

(1) an order disallowing any further discovery of any kind;
(2) an order charging all or portion of the expenses of discovery against the disobedient party;
(3) an order that the matters regarding which the order was made or any other designated facts shall be taken to be established;
(4) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting designated evidence from being introduced into evidence;
(5) an order striking out pleadings or parts thereof, staying the action until the order is obeyed, dismissing the action with or without prejudice, or rendering judgment by default;
(6) a contempt order;
(7) an order requiring the disobedient party to pay reasonable expenses, including attorney fees, caused by the failure.

**4.)** *Spohn Hosp. v. Mayer,* **104 S.W.3d 878 (Tex. 2003),** The trial court granted death penalty sanctions against a hospital defendant who failed to produce witness statements until thirty one days before trial and the trial court instructed the jury that the facts contained in the written statements should be taken as established. *Id. at 881*. The Texas Supreme Court concluded:

"trial court abused its discretion in assessing case- determinative, death penalty sanctions". The Court stated that, while the sanction was generally directed at the alleged abuse, the record contained no evidence that the sanctions were visited on the offender, noting that

19

neither the trial court nor the court of appeals discussed whether counsel or their clients were responsible for the discovery abuse. *Id. at 882-83*. The Court further noted that the record was silent regarding the trial court's consideration and effectiveness of less stringent sanctions. *Id. at 883*. The Court concluded that the facts were insufficient to justify case-determinative sanctions and that the sanctions were, therefore, excessive. Id. at 883;

In the present case, the record does not reflect any analysis by the trial court to determine the responsible offender and to determine if a lesser sanction would promote compliance.

**5.)**     *Cire v. Cummings,* **134 S.W.3d 835, 837 (Tex. 2004).**

Cire is an example of a discovery abuse that rises to the level of a death penalty sanction and the case provides a sample of the analysis required by a trial court before imposing a death penalty sanction.

> Death penalty sanctions were found to be reasonable in this case. The recipient of the death penalty sanctions violated two orders compelling production of responsive audiotapes. *Id. at 837*. The party also violated the trial court's order that required payment of $250 in attorneys' fees to the opposing party and the trial court's order to comply with discovery requests. *Id. at 837*. Furthermore, the party not only possessed the audiotapes, but actually burned the tapes and found humor in being a habitual liar. **Id. at 837**. The trial court determined that the party deliberately destroyed the audiotapes to avoid production of evidence that would have demonstrated that the opposing party was not liable. *Id. at 837-38*. In light of these circumstances, the trial court granted a motion to strike the party's pleadings. *Id. at 838*. In support of the order, the trial court noted that the party flagrantly violated four discovery orders, refused to answer questions in deposition, used forged documents to gain an advantage with the court, gave conflicting testimony under oath, and deliberately destroyed and concealed material evidence that would have demonstrated her claims lacked merit. *Id. at 838*. Based on these

facts, the trial court determined that less stringent sanctions would be ineffective, noting that monetary sanctions would not deter the party's actions since the party did not pay the $250 sanction levied for filing frivolous objections to discovery requests. *Id. at 838*. In concluding that monetary sanctions would not have been effective, the trial court described testimony by the party in which she stated that she had no money to pay monetary sanctions and that she and her counsel refused to pay the $250 sanction for filing frivolous objections to discovery. *Id. at 841*. Thus, the party's actions and statements "made it clear that monetary sanctions are not effective to deter the party's conduct." *Id. at 841*. The trial court further concluded that monetary sanctions could not cure the party's wrongdoing which included the destruction and concealing of material evidence.

Texas Supreme Court and Texas Court of Appeals decision establish that except in the most **"egregious of cases"** death penalty sanctions will not be upheld. (Emphasis added).

## TEXAS APPELLATE COURTS FOLLOW TEXAS SUPREME COURT MANDATES:

**6.)**  *Maria Del Rosario Cortinas v. Noe Lopez* ; (**No. 13-14-00242-CV 13ᵗʰ Court of Appeals Corpus Christi-Edinburg December 10, 2014 Pet. Denied**).

In a case amazingly similar to the facts of the case at bar, involving the same Appellee's counselors as in the current case, the 13ᵗʰ Court of Appeals reversed and remanded a trial court that issued a death penalty discovery sanction and failed to consider and test less stringent sanctions. The Court of Appeals:

rebuked the Appellee's arguments that a "release of assignments of

21

liens" was not in a proper format and although this technically violated the November 13, 2013 discovery order the Court of Appeals found that an improper lien form did not support a presumption that plaintiff's claims lacked merit. The Appellate Court likewise denounced Appellee's argument that Appellant's counsel consented to a dismissal by acknowledging to the trial court that he understood that the case would likely be dismissed in ninety days if the documents were not produced. The Appellate court stated: *"This remark does not show that plaintiff consented to a dismissal or that the dismissal was "just" and it has absolutely no bearing on the issue of whether the trial court fulfilled its duty as required by the Texas Supreme Court to consider and test less stringent sanctions before imposing the "death penalty". (emphasis added.)*

In the case at bar, once again Appellee argues in his response to the Motion for new trial **(CR 1:220-227)** that Appellant's counsel consented to a dismissal when he said "okay" after the court warned the Appellant that if the medical records were not produced the court would likely dismiss the case. Appellee argues that this statement is a "lesser" sanction and a binding acceptance by Appellant of a dismissal. Appellee does not argue that another lesser sanction was tested and tried by the trial court.

**7.)** ***In re Western Star Trucks US, Inc., 112 S.W.3d 756 (Tex. App. Eastland 2003, orig. proceeding),***

the court of appeals found:

> that orders to compel that precipitated the case-determinative sanctions were not a lesser sanction as contemplated under the TransAmerican analysis. *Id. at 766*. The court of appeals also noted that the death penalty sanctions were imposed based on the defendants' purported failure to produce relevant information. *Id. at 766*. However, the court of appeals also noted that after the orders

22

compelling the defendants to produce the information, they produced 3,000 pages of documents which contained relevant information. *Id. at 766*. Because the relator at least partially complied with the trial court's order compelling discovery, the court of appeals concluded that the trial court's entry of death penalty sanctions was excessive. *Id. at 766*.

In the case at bar, Appellant has presented sufficient proof that all documents ordered to be produced were in fact produced. **(RR October 8, 2014 hearing Exhibits A-M) (CR 25, 26, 28, 35-39)**. Thus, as in *Western Star*, because Appellant made efforts to comply with court orders by producing the discovery documents Appellant believed the trial court ordered, death penalty sanctions were not appropriate in this case.

**8.) *Andras v. Memorial Hospital System,* 888 S.W.2d 567 (Tex. App.—Houston [1st Dist.] 1994, writ denied).**

In Andras, the trial court properly followed Texas Supreme Court guidelines when it:

> compelled production of relevant discovery and the documents were not produced. *Id. at 570*. Furthermore, the record demonstrated that a relevant database had been destroyed while a motion to compel was pending. *Id. at 570*. The trial court granted a second motion to compel and informed the party that if it did not comply, its pleadings may be struck. *Id. at 570*. The party still did not produce the documents. *Id. at 570*. Nevertheless, the trial court once again ordered the party to comply with the court's previous orders within 4 days of trial and warned that if the court's orders were again violated, the party's pleadings would be struck*. Id. at 570*. Despite numerous requests for production, orders compelling production, and a subpoena, the relevant database was destroyed and never recreated despite the party's representation that the database could be recreated. *Id. at 570*.

23

Furthermore, even though the trial court overruled the party's objections to the production of relevant documents, instead of producing the documents, the party simply reasserted its objections. *Id. at 571*. As a result, the trial court ultimately struck the party's pleadings. *Id. at 571*. Because three orders to compel were not enough to produce the documents and the party informed the trial court that none would be produced, there was no reason to believe that lesser sanctions would be effective. *Id. at 572*. Additionally, the court of appeals noted that the documents not produced were vital to both the prosecution and defense of the lawsuit and, thus, the sanctions assessed were not too severe. *Id. at 572.* Furthermore, because the missing documents were vital to the sanctioned party's case and the party's counsel admitted that they could not be produced, there was a justified presumption that the claim was without merit. *Id. at 573*. As a result, the court of appeals concluded that the sanctions were not more severe than necessary. *Id. at 573.*

By contrast, there was no evidence that the Appellant in this case destroyed responsive documents. The record reveals that all documents required to be produced were in fact produced. Furthermore, when the trial court ordered production of the three (3) sets of medical records, the Appellant produced them. Additionally, the trial court never notified the Appellant that attaching documents containing the required information was not sufficient to comply with the court's order.

**DEATH PENALTY SANCTION NOT WARRANTED IN THIS CASE BECAUSE APPELLANT EXCERCISED DUE DILIGENCE IN COMPLYING WITH THE COURT'S DISCOVERY ORDER**

The trial court dismissed Appellant's case against Appellee due to not complying with the Courts Order of September 13, 2013. The court's order

enumerates the documents that Appellant was required to produce. The record in this case contains proof that Appellant had served numerous documents in response to discovery request and had fully complied with the Courts order of September 13, 2013. **(See generally all exhibits attached to RR October 2014 and January 2015 hearings; together with all the exhibits attached to Appellants Motion for new trial and Response to Appellee's Motion to dismiss found in CR1:86-148,150-152,162-193)**. Specifically, this order required Appellant to produce:

a. **Satisfactory responses to Request for Production---**No Objections were filed by Appellee indicating that a specific response to a request for production was not satisfactory. Nothing in the record would support dismissal on this ground.

b. **Satisfactory responses to Interrogatories---**No Objections were filed by Appellee indicating that a specific response to an Interrogatory was not satisfactory. Nothing in the record would support dismissal on this ground.

c. **Properly executed Affidavit regarding other insurance and attachments---**Provided  as an attachment in Appellant's Response to Appellee's  Motion to Dismiss on October 8, 2014**. (CR 1:98-99: 86-152**).

d. **Uninsured and/or Underinsured Motorist Rejections Signature pages---**Provided to defendant as an attachment in Appellant's Response to Appellee's Motion to Dismiss on October 8, 2014. ( **CR 1:99-130**).

e. **Personal injury protection rejection signature pages---**Provided to Appellee as an attachment in Appellant's Response to Appellee's Motion to Dismiss on October 8, 2014.  **(CR 1:99-130**).

f. **All information pertaining to other applicable insurance through Appellants employer, Appellants spouse, and any other additional dependents or other household members---**Provided  to Appellee as an

attachment in Appellant's Response to Appellee's Motion to Dismiss on October 8, 2014. . **(CR1: 86-152)**.

g. **Release of assignment documents from any healthcare providers---** Provided to Appellee as an attachment in Appellant's Response to Appellee's Motion to Dismiss on October 8, 2014. **(CR 1:86-152RR January 8, 2015 Exhibits A-M)**.

h. **All explanation of benefit documentation---**Provided to Appellee as an attachment in Appellant's Response to Appellee's Motion to Dismiss on October 8, 2014. **( CR1:86-152 RR exhibits A-M)**.

**APPELLANTS CONDUCT DOES NOT JUSTIFY A PRESUMPTION THAT IT'S CLAIMS OR DEFENSES LACK MERIT AND THAT IT WOULD BE UNJUST TO PERMIT APPELLANT TO PRESENT THE SUBSTANCE OF THAT POSITION BEFORE THE COURT**

Appellant's counsel sought clarification and made numerous efforts to clarify on the record what discovery had not been provided. Importantly, Appellee's counsel confirmed with the trial court on October 7, 2014 that only three (3) sets of documents were necessary to comply with the court's order. The exchange was as follows **(RR 4:18-25; 5-9)**.

Page 9------
MR. DEHOYOS: *Just to make it very clear, it's three sets of records. One is La Esperanza medical records, one is La Esperanza medical bills, and then the other one's Del Mar bills.*
MR. WILLIAMS: *And the fourth was given to me a moment ago.*
THE COURT: *And the fourth was given to you a few moments ago, so that would meet the requirements that you're asking for.*
MR. DEHOYOS: *And everything else has been complied*

26

> *with, there's nothing else.*
> *(EMPHASIS ADDED!)*

Additionally, the Court starts the Hearing on January 8, 2015 as follows: **(RR3:23-25)**.

> **THE COURT*: All right. Were you given the**
> **three documents that were outlined and identified in the**
> **original hearing**

Appellant presented to this Court sufficient evidence on January 8, 2015 Exhibits A—M to establish that the three (3) sets of records identified in the October 2014 hearing as the only records that were not previously produced had now been received by Appellee's counsel. These records were received prior to the Order dismissing Appellant's case. The evidence produced also included an email stating that Appellee's counsel confirmed receiving the documents. *APPELLANT COMPLIED WITH THE COURTS ORDER AND PRESENTED EVIDENCE CONFIRMING COMPLIANCE!*

**APPELLANT ALSO MADE GOOD FAITH EFFORTS TO COMPLY WITH DISCOVERY REQUEST**

Appellee's counsel best described Appellant's efforts in producing documents and complying with discovery request when he stated **(RR3:25, January 8, 2015 hearing)**:

> *MR. WILLIAMS*: Your Honor, if I may?
> Your Honor, *each time we come before this*
> *Court we're presented with a haystack of documents*, and
> each time we ask the same basic question. How much has

been paid in insurance? Do we have Explanation of Benefits? Do we have rejection pages? Do we have an Affidavit Regarding Other Insurance? Very basic questions, Your Honor. *Notwithstanding several years, a thousand pieces of paper,* and a whole bunch of hearings, we're still trying to ask the same question at this moment.

**First**, the record depicts Appellant provided and Appellee received a signed authorization from Appellant that allowed Appellee full disclosure to her health care claim history, liability insurance history and medical information. (**RR 4:14-18 January 8, 2015 hearing**).  Appellee had full access to Appellant's information and nothing in the record indicates Appellee ever engaged in efforts to obtain any information that was not received. All efforts to obtain information were solely made by the Appellant. Appellee now complains that his defense is jeopardized by Appellants failure to provide discovery. Appellee fails to point out that in this case if Appellee's defense was jeopardized it was due to Appellee's own conduct or lack thereof. Appellant demonstrated good faith efforts in complying with discovery request as allowed pursuant to **Texas Rules of Civil Procedure 194.2(j).**

**Second**, Appellant filed medical records and billing affidavits and provided copies to Appellee. See receipt by the Appellee's counsel in Appellants response to Motion to dismiss and attachments and in Exhibits A-M filed with the Court at the January 8, 2015 hearing. **(RR 2,3: hearings and RR4,5 Exhibits A-M) (RR 4,5**

28

**Exhibits 300 pgs.) (CR 25,26,28, 35-39)**.

**Third,** Appellant produced a letter from the insurance companies explaining the benefits and indicating amounts paid. **(CR1:223-286)(CR1:241-250). Texas Rules of Civil Procedure 197.2** allows a party to produce records in response to an Interrogatory (affidavit) if the answer can be ascertained by the defendant from the records. Defendant could obtain the answer to the information requested in the affidavit Interrogatory from the documents attached to said affidavit**.(CR1:242)(CR1:241-250)**.

**Fourth**, Appellant's counsel sought clarification on what discovery had not been produced and was given direct answers as follows **(RR 8-9 January 8, 2015 hearing):**

> *MR. DEHOYOS:* Just to make it very clear, it's three sets of records. One is La Esperanza medical records, one is La Esperanza medical bills, and then the other one's Del Mar bills.
> *MR. WILLIAMS:* And the fourth was given to me a moment ago.
> *THE COURT:* And the fourth was given to you a few moments ago, so that would meet the requirements that you're asking for.
> *MR. DEHOYOS:* And everything else has been complied with, there's nothing else.

On the January 9, 2015 hearing the Trial Court reveals her understanding of the previous hearing that only three (3) documents had not been produced and were required to be produced. **(RR January 8, 2015 hearing 3:22-25)**.

**THE COURT:** Are each of you ready to proceed?

*MR. WILLIAMS:* Yes, Your Honor.

*THE COURT:* All right. Were you given the three documents that were outlined and identified in the original hearing?

**Fifth**, Appellant produced the three (3) documents outlined in the previous hearing. **(RR4, 5 January 8, 2015 hearing Exhibits A-M)**. In summary, the trial court violated the longstanding procedure and required analysis before imposing the death penalty sanction. The record does not reflect the trial court considered the availability of appropriate lesser sanctions and does not contain an explanation of the appropriateness of the sanctions imposed. **GTE Comm's Sys. Corp. v. Tanner, 856 S.W.2d 725, 729 (Tex. 1993); Sphon Hosp. v. Mayer, 104 S.W.3d 878, 883 (Tex. 2003).** *Cire, 134 S.W.3d at 839; Spohn, 104 S.W.3d at 882; TransAmerican, 811 S.W.2d at 917*.

## THE TRIAL COURT ACKNOWLEDGED LESSER SANCTIONS WERE NOT TESTED OR IMPOSED

In dismissing Appellant's case the trial court made statements on the record admitting that lesser sanctions would not be considered. The trial court demonstrates that lesser sanctions were never tried to attempt to promote compliance and consideration of lesser sanctions was excluded because the trial court's dismissal was "*a big enough sanction*". **(RR 39-40)**.

**THE COURT:** -- I feel like there's been

30

more than enough time for you, as the defendant, to have received the information that you asked for. This case was filed quite sometime ago; however, I am not going to give you sanctions against Mr. DeHoyos. *Sometimes herding a client is like herding cats. I am, however, going to grant your motion to dismiss.*

.......**THE COURT***:* Yes. At this time I'm going to order that all causes of action and claims by Plaintiff Crystal Bingham Hernandez is dismissed with prejudice to the refiling of the same. *I am not going to order that plaintiff must pay any attorney's fees and costs for preparing litigation for this motion. I feel like dismissing the case was a big enough sanction, and there we go.*

The trial court did not consider lesser sanctions to promote compliance. The trial court did not engage in the mandatory analysis required under *TransAmerican* to establish a direct nexus among the offensive conduct, the offender, and the sanction imposed. The trial court did not establish on the record that the death penalty sanction was no more severe than necessary to satisfy its legitimate purposes. The record establishes substantial or full compliance with the court's order and demonstrates Appellant's counsel exercised due diligence in providing the requested discovery. The record does not establish an "egregious case" involving a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules meriting a death penalty sanction. *Cire,* **134 S.W.3d at 840, 842.** The trial court's analysis was inconsistent with the Texas Supreme Court's mandates and the court's order dismissing Appellant's

31

case should be reversed and remanded.

**ISSUE NO. 2:**

**THE TRIAL COURT ERRED OR ABUSED ITS DISCRETION IN IMPOSING A DEATH PENALTY SANCTION AND FAILING OR REFUSING TO SPECIFY THE DISCOVERY THAT HAD NOT BEEN PRODUCED IN ITS FINDING OF FACTS AND CONCLUSIONS OF LAW**

As shown above, throughout this case the record reflects Appellant's efforts to clarify discovery that had not been produced. After the trial court dismissed Appellant's case, Appellant continued to request that the trial court identify the documents that were not produced that violated the court's order and the trial court refused or failed to identify the documents that were not produced. (**CR 31-35, 41, 44-47, 50, 52**). Appellant requested finding of facts and conclusions of law and submitted proposed findings that were overruled by the trial court. The trial court signed a finding of facts omitted a finding that would identify the specific discovery that was not produced that violated the court's order. (**CR 31-35, 41, 44-47, 50, 52**). The trial court cannot rely on this Appellate Court to make favorable presumptions to support the death penalty sanction. **Texas Rules of Civil Procedure 299** does not allow a finding to be presumed when that finding was requested by the Appellant and was refused by the trial court. *Boy Scouts of America v. Responsive Terminal System., Inc.* **790 S.W.2d 738, 742 (Tex. App.-Dallas 1990, writ denied);** *Stretcher v. Greg,* **542 s.w.2d 954, 958 (Tex. Civ. App. –Texarkana 1976 no writ);** **Vickery v. Commission for Lawyer**

32

**Discipline, 5 S.W.3d 241, 252 (Tex. App. – Houston 14ᵗʰDist. 1999 pet. denied)**. The Appellate Court found that if Appellee drafts proposed findings of facts that set forth every element of Appellee's ground of recovery or defense and the trial court deletes one of the elements, the omitted element cannot later be supplied on appeal by implication. ***Vickery*, 5 S.W.3d at 253.** In the case at bar, Appellant drafted proposed findings of facts that specified the documents that had not been produced pursuant to the discovery order and the trial court omitted such findings. The trial court cannot now ask the Appellate Court to imply the discovery that was not produced and no presumptions apply as the Appellant properly objected to the trial courts finding of facts. The Appellate Court is now faced with ***"only speculation"*** to justify the trial court's death penalty sanction. **(RR 1-3 January 8, 2015 hearing)**. The trial court erroneously imposed a death penalty sanction without specifying the discovery that had not been produced in violation of the court's order and Appellant's objection was preserved. This Appellate Court should reverse and remand the dismissal of Appellant's case and should order a new trial.

## XI.
## PRAYER

Appellant, CRYSTAL BINGHAM HERNANDEZ respectfully prays that the Court reverse the dismissal order of the trial court and remand this case for trial, and that the Court grant Appellant such additional relief, legal and/or

equitable, to which Appellant may show just entitlement.

Respectfully submitted,

**LAW OFFICES OF RICK DEHOYOS PLLC**
502 South Irving Street
San Angelo, TX  76903
rick@dehoyoslawfirm.com
Phone: 325-658-8000
Fax: 325-227-6913


BY:/s/ Rick DeHoyos
Rick DeHoyos
SNB: 05644085
Attorney for Appellant

**XII.**
**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was served on all counsel of record by electronic delivery on this 18th day of September, 2015 as follows:

*Via Fax Transmission*
Kirk D. Willis
The Willis Law Group, PLLC
10440 N. Central Expy., Suite 520
Dallas, Texas 75231
Fax No.: (214) 736-9994

/s/ Rick DeHoyos
Rick DeHoyos

**XIII.**
**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rules of Appellate Procedure 9.4(i)(3), the undersigned certifies this brief complies with the type-volume limitation of the Texas Rules of Appellate Procedure 9.4(i)(3). This brief contains 7,621 words, in proportionally spaced typeface, using Microsoft Word 2010, 14 point type, Times New Roman, 14 characters per inch.

/s/ Rick DeHoyos
Rick DeHoyos

# XIV.
# APPENDIX

1. **AGREED ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**

2. **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SANCTIONS**

3. **ORDER OF SEVERANCE AND ENTRY OF FINAL JUDGMENT SIGNED BY JUDGE**

4. **PLAINTIFF'S REQUEST FOR FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

5. **STATEMENTS OF FACTS AND CONCLUSIONS OF LAW BY JUDGE**

6. **PLAINTIFF'S REQUEST FOR ADDITIONAL OR AMENDED FIINDINGS OF FACTS AND CONCLUSIONS OF LAW**

7. **AMENDED FINDINGS OF FACTS AND CONCLUSIONS OF LAW BY JUDGE**

8. **PLAINTIFFS OBJECTION TO AMENDED FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

9. **SIGNED AUTHORIZATION ALLOWING APPELLEE ACCESS TO APPELLANT'S MEDICAL AND INSURANCE INFORMATION**

10. *CORTINAS V. LOPEZ* – 13TH **COURT OF APPEALS - MEMORANDUM OPINION**

| | | |
|---|---|---|
| CRYSTAL BINGHAM HERNANDEZ, | § | IN THE COUNTY COURT LAW |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | **NO. 2** |
| | § | |
| | § | |
| PATRICIA MICHELLE ROSE, | § | |
| AND TIFFANY POLLEY | § | TOM GREEN COUNTY, TEXAS |
| **Defendants.** | | |

FILED FOR RECORD
13 SEP 30 PM 4: 21
ELIZABETH MCGILL
COUNTY CLERK
COUNTY OF TOM GREEN, TEXAS

## AGREED ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND PLEA IN ABATEMENT

On this date, the Court considered Defendant's Motion to Compel and Plea in Abatement. Plaintiff and Defendant appeared through their counsel. The parties agree that Defendant's Motion to Compel and Plea in Abatement shall be GRANTED.

IT IS HEREBY ORDERED that Plaintiff shall serve satisfactory responses to Defendant's Request for Production and First Set of Interrogatories, including the properly executed Affidavit Regarding Other Insurance and attachments, Uninsured and/or Underinsured Motorist Rejections Signature pages, Personal Injury Protection rejection signature pages, as well as all information pertaining to other applicable insurance through Plaintiff's employer, Plaintiff's spouse, and any additional dependents or other household members.

IT IS HEREBY ORDERED that Plaintiff shall produce any and all documents requested regarding any and all Release of Assignment documents from any healthcare provider, as well as any and all Explanation of Benefit documentation.

IT IS HEREBY ORDERED that Plaintiff's case is ABATED until such time as Plaintiff complies with the terms of this order by serving Defendant with all responsive documents and information contained in this order, and establishes that Plaintiff has exhausted all other applicable forms of insurance coverage, and has fully complied with this order.

SIGNED this _____ day of September, 2013.

SEP 2 7 2013

_____
JUDGE PRESIDING

AGREED:

THE WILLIS LAW GROUP, PLLC

_____
BENTON WILLIAMS
ATTORNEY FOR DEFENDANT

AGREED:

THE LAW OFFICES OF RICK DEHOYOS

_____
RICK DEHOYOS
ATTORNEY FOR PLAINTIFF

AGREED ORDER GRANTING MOTION TO COMPEL AND PLEA IN ABATEMENT
952.0315

CAUSE NO. 12-C-482-L2

CRYSTAL BINGHAM HERNANDEZ, §   IN THE COUNTY COURT OF LAW
    Plaintiff, §   ELIZABETH MCGILL
     §   COUNTY CLERK
     §   COUNTY OF TOM GREEN, TEXAS
VS. §   **NO. 2**
     §
PATRICIA MICHELLE ROSE, §
AND TIFFANY POLLEY §   TOM GREEN COUNTY, TEXAS
    Defendants. §

## ORDER GRANTING DEFENDANT TIFFANY POLLEY'S MOTION TO DISMISS AND MOTION FOR SANCTIONS

On this day came on to be considered the Defendant Tiffany Polley's Motion to Dismiss with Prejudice and Motion for Sanctions. After due consideration, the Court finds that such motion should be in all things GRANTED.

IT IS, THEREFORE, ORDERED, that all causes of action and claims by Plaintiff Crystal Bingham Hernandez are dismissed with prejudice to the refiling of same; and

IT IS FURTHER ORDERED that Plaintiff must pay Defendant's attorney fees and costs incurred in preparing and litigation this motion in the amount of ____0____ .

SIGNED this _____ day of _____ JAN 0 8 2015 _____ , 2014.

_____
PRESIDING JUDGE

ORDER OF DISMISSAL WITH PREJUDICE
952.0315

Solo Page

CAUSE NO. 12C482-L2

CRYSTAL BINGHAM
HERNANDEZ,
Plaintiff

§

IN THE COUNTY COURT AT LAW

VS.

§

OF

PATRICIA MICHELLE ROSE,
TIFFANY POLLEY
Defendants

§

TOM GREEN COUNTY, TEXAS

FILED FOR RECORD

15 MAR 27 AM 10: 01

ELIZABETH MCGILL
COUNTY CLERK
COUNTY OF TOM GREEN. TEXAS

## ORDER OF SEVERANCE AND ENTRY OF FINAL JUDGMENT

On this_____ day of _____ MAR 2 7 2015 _____ 2015, came on to be heard

Plaintiffs' Motion to Sever and Motion for Entry of Final Judgment. It is hereby **ORDERED**

that all causes of action asserted by Plaintiff against Patricia Michelle Rose shall hereby be

severed from **Cause No. 12C482 -L2** . It is further, ORDERED that all claims and causes of

action asserted by Plaintiff against Patricia Michelle Rose shall be docketed as **Cause No.**

**12C482 -L2 -A** and same shall be styled " **Crystal Bingham Hernandez v. Patricia**

**Michelle Rose.** "

The instruments listed on Exhibit "A" are to be copied by the Clerk from Cause No.

12C482-L2 and shall be filed in Cause No. 12C482 -L2- A , styled "**Crystal Bingham**

**Hernandez v. Patricia Michelle Rose.**"

It is further ORDERED that all costs for copying the instruments in Exhibit "A" to be

filed in Cause No. 12C482 -L2- A which are designated in the Order of Severance and Entry of

Final Judgment are to be paid by Plaintiff as court cost.

All relief not expressly granted in this judgment is denied. The Court further adopts its

January 8, 2015 Order dismissing all of Plaintiff's claims and causes of actions against Tiffany

1

Polley and incorporates said Order under Cause No. 12C482—L2 herein making it a Final

Judgment from which appeal can be taken.

SIGNED on this _____ **MAR 2 7 2015** _____, 2015.

_____

PRESIDING JUDGE

Filed for Record
1/26/2015 2:52:48 PM
Elizabeth McGill, County Clerk
Tom Green County, Texas
12C482-L2
Reviewed by:
Jesse Hickman
Deputy

CAUSE NO. 12C482-L2

| | | |
|---|---|---|
| CRYSTAL BINGHAM HERNANDEZ, | § | IN THE COUNTY COURT AT LAW |
| Plaintiff, | § | |
| | § | |
| v. | § | OF |
| | § | |
| PATRICIA MICHELLE ROSE, and | § | |
| TIFFFNY POLLEY, | § | |
| Defendants. | § | TOM GREEN COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Crystal Bingham Hernandez , pursuant to **Rule 296 of the Texas Rules of Civil Procedure,** and requests the Court to enter written Findings of Fact and Conclusions of Law.

I.

A.    Plaintiff files this request within 20 days of the date the Court signed the Order on January 8, 2015 Granting Defendant's Tiffany Polley's Motion to Dismiss and Motion for Sanctions.

B.    Plaintiff requests the Court to enter written Findings of Fact and Conclusions of Law and mail copies to all parties.

Respectfully Submitted,

The Law Offices of Rick DeHoyos, PLLC
502 South Irving Street
San Angelo, Texas 76903
Telephone: (325) 658-8000
Facsimile:  (325) 227-6913

Rick DeHoyos
State Bar No. 05644085
rick@dehoyoslawfirm.com
ATTORNEY FOR PLAINTIFF

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served on all counsel of record on this 26th day of January, 2015 as follows:

*Via Fax Transmission*
Kirk D. Willis
The Willis Law Group, PLLC
10440 N. Central Expy., Suite 520
Dallas, TX 75231
Fax No.: (214) 736-9994

Rick DeHoyos

2

CAUSE NO. 12C482L2

| CRYSTAL BINGHAM HERNANDEZ | § | IN THE COUNTY COURT OF LAW |
| Plaintiff | § | |
| | § | |
| VS | § | NO. 2 |
| | § | |
| | § | |
| PATRICIA MICHELLE ROSE, | § | |
| AND TIFFANY POLLY | § | TOM GREEN COUNTY, TEXAS |
| Defendants | | |

FILED FOR RECORD 15 FEB 12 PM 4:55 ELIZABETH MCGILL COUNTY CLERK COUNTY OF TOM GREEN, TEXAS

## STATEMENT OF FACTS

1. Plaintiff filed lawsuit on September 17, 2012.

2. On January 9, 2013 Kirk Willis Attorney filed answer for Defendant Tiffany Polly.

3. Motion to Compel filed by Defendant Tiffany Polly on July 8, 2013.

4. September 30, 2013 Agreed Order granting Defendant Tiffany Polly's Motion to Compel requiring Plaintiff to produce certain discovery documents.

5. June 6, 2014 Defendant Tiffany Polly filed Motion to Dismiss for Plaintiff's failure to produce discovery.

6. October 7, 2014 Hearing held with Benton Williams, attorney with Kirk Willis' law firm on Motion to Dismiss. Plaintiff given until November 10, 2014 to produce documents requested on March 19, 2013 Discovery Motion or Court would rule on Motion to Dismiss.

7. January 8, 2015 Hearing held with Benton Williams attorney for Defendant Tiffany Polly and Rick Dehoyos, attorney for Plaintiff Crystal Bingham Hernandez. Court found some Discovery documents/information still not produced and granted Motion to Dismiss Plaintiff's case.

## CONCLUSIONS OF LAW

Pursuant to Rule 215.2 of the TEXAS RULES OF CIVIL PROCEDURE, if a party fails to comply with proper discovery requests or to obey an order to provide or permit discovery, the Court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

1. An order disallowing any further discovery of any kind or of a particular kind by the disobedient party;

2. An order charging all or any portion of the expenses of the discovery or taxable court costs or both against the disobedient party or the attorney advising him;

3. An order that the matters regarding which the order was made or any other designated facts shall be taken to be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

4. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

5. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party.

See TRCP §215.2

FEB 1 2 2015

SIGNED this _____ day of _____, 2015

_____

PRESIDING JUDGE

Filed for Record
2/20/2015 1:45:56 PM
Elizabeth McGill, County Clerk
Tom Green County, Texas
12C482-L2
Reviewed by:
Renea Kennedy
Deputy

CAUSE NO. 12C482-L2

| | | |
|---|---|---|
| CRYSTAL BINGHAM HERNANDEZ, | § | IN THE COUNTY COURT AT LAW |
| Plaintiff, | § | |
| | § | |
| v. | § | OF |
| | § | |
| PATRICIA MICHELLE ROSE, and | § | |
| TIFFFNY POLLEY, | § | |
| Defendants. | § | TOM GREEN COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR ADDITIONAL OR AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Crystal Bingham Hernandez, pursuant to **Rule 298 of the Texas Rules of Civil Procedure,** and requests the Court to enter Additional or Amended written Findings of Fact and Conclusions of Law.

I.

A.    Plaintiff files this request within 10 days of the date the Court issued its original Findings of Fact and Conclusions of Law on February 12, 2015. Accordingly, this Court's additional or amended Findings of Fact and Conclusions of Law are **due on March 2, 2015.**

B.    Plaintiff requests the Court to specify on statement of Facts No. 7 what documents/information Plaintiff failed to produce in discovery.

C.    Plaintiff requests the Court to specify on statement of Facts No. 7 whether the Court's order dismissing plaintiff's case applied to plaintiff's entire case or whether the dismissal was a partial dismissal of plaintiff's claims against Tiffany Polley only.

**Plaintiff's Proposed Finding of Fact No. 7. ---**

**"On January 8, 2015 Hearing held with Benton Williams attorney for Defendant Tiffany Polley and Rick DeHoyos, attorney for Crystal Bingham Hernandez. The Court found some discovery documents/information still not been produced and granted Defendant's Motion to Dismiss Plaintiff's case as against Tiffany Polley only and plaintiff's claims against Patricia Michelle Rose were not dismissed and continue in this Court's docket. Specifically, Court found a properly executed affidavit was not produced in that plaintiff did not fill in a blank indicating the amount health insurance had paid on plaintiffs medical bills. The Court found that the plaintiff attached documents from the health insurance company that contained an explanation of benefits and handwritten notes and this was insufficient compliance with the Court's prior order."**

D. Plaintiff also requests the Court to specify its conclusions of law in dismissing the case. The present Conclusions are merely a recitation of Rule 215.2 of the Texas Rules of Civil Procedure which allows for dismissal among other available sanctions. This Court should specify what provision it relied on to dismiss Plaintiff's case.

**Plaintiff's Proposed Conclusion of Law:**

This Court entered an order September 30, 2013 requiring plaintiff to produce certain documents/information to the defendant.

On October 30, 2014 this Court verbally warned plaintiff that failure to comply with the Court's previous Order could result in a dismissal.

Plaintiff continued to fail to produce some documents and information she was required to produce and on January 8, 2015, this Court entered an Order dismissing plaintiff's causes of action pursuant to Rule 215.2(5) of the Texas Rules of Civil Procedure which states:

"..............., if a party fails to comply with proper discovery requests or to obey an order to provide or permit discovery, the Court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

(5) An Order ............................. dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party.

Respectfully Submitted,

The Law Offices of Rick DeHoyos, PLLC
502 South Irving Street
San Angelo, Texas 76903
Telephone: (325) 658-8000
Facsimile: (325) 227-6913

Rick DeHoyos
State Bar No. 05644085
rick@dehoyoslawfirm.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served on all counsel of record on this 20th day of February, 2015 as follows:

*Via Fax Transmission*
Kirk D. Willis
Benton Williams
The Willis Law Group, PLLC
10440 N. Central Expy., Suite 520
Dallas, TX 75231
Fax No.: (214) 736-9994


Rick DeHoyos

CAUSE NO. 12C482-L2

| | | |
|---|---|---|
| CRYSTAL BINGHAM HERNANDEZ,<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE COUNTY COURT AT LAW 2 |
| v. | §<br>§ | OF |
| PATRICIA MICHELLE ROSE, and<br>TIFFANY POLLEY<br>Defendants | §<br>§<br>§ | TOM GREEN COUNTY, TEXAS |

FILED FOR RECORD
15 MAR -9 PM 3:02
ELIZABETH MCGILL
COUNTY CLERK
COUNTY OF TOM GREEN, TEXAS

## AMENDED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

**Amended finding of fact no. 7**

On January 8, 2015 Hearing held with Benton Williams attorney for Defendant Tiffany Polley and Rick Dehoyos, attorney for Crystal Bingham Hernandez. Tha Court found some discovery documents/information still had not been produced and Granted DEFENDANT'S Motion to Dismiss Plaintiff's case as against Tiffany Polley only and Plaintiff's claims against Patricia Michelle Rose were not dismissed and continue in this Court's docket.

**Amended Conclusion of Law**

This Court entered an order September 30, 2013 requiring Plaintiff to produce certain documents/information to the Defendant.

On October 30, 2014 this court verbally warned Plaintiff that failure to comply with the Court's previous order could result in a dismissal.

Plaintiff continued to produce some documents and information she was required to produce and on January 8, 2015 this Court entered an order dismissing Plaintiff's causes of action pursuant to rule 215.2(5) of the Texas Rules of Civil Procedure which states :

"................. , if a party fails to comply with proper discovery requests or to obey an order to provide or permit discovery, the Court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

(5) An Order .......................... dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party.

MAR 0 9 2015

_____
Date

_____
Judge PENNY ROBERTS

Filed for Record
3/19/2015 2:25:11 PM
Elizabeth McGill, County Clerk
Tom Green County, Texas
12C482-L2
Reviewed by:
Debbie Smith
Deputy

CAUSE NO. 12C482-L2

| | | |
|---|---|---|
| CRYSTAL BINGHAM HERNANDEZ, | § | IN THE COUNTY COURT AT LAW |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | OF |
| | § | |
| PATRICIA MICHELLE ROSE, and | § | |
| TIFFFNY POLLEY, | § | |
| Defendants. | § | TOM GREEN COUNTY, TEXAS |

### PLAINTIFF'S OBJECTION TO AMENDED
### FINDINGS OF FACT AND CONCLUSIONS OF LAW

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff, Crystal Bingham Hernandez, pursuant to **Rule 298 of the Texas Rules of Civil Procedure,** and requests the Court to enter Additional or Amended written Findings of Fact and Conclusions of Law and further objects to the Amended Findings of Facts and Conclusions of Law signed by this Court on March 9, 2015.

I.

A. Plaintiff files this request within 10 days of the date the Court issued its Amended Findings of Fact and Conclusions of Law on March 9, 2015.

B. Plaintiff requests the Court to specify on statement of Facts No. 7 what documents/information Plaintiff failed to produce in discovery. The following language should be added:

**Plaintiff's Proposed Finding of Fact No. 7.** ---

**………………….Specifically, Court found a properly executed affidavit was not produced in that plaintiff did not fill in a blank indicating the amount health insurance had paid on plaintiffs medical bills. The Court found that the plaintiff attached documents from the health insurance company that contained an explanation of benefits and handwritten notes and this was insufficient compliance with the Court's prior order."**

Respectfully Submitted,

The Law Offices of Rick DeHoyos, PLLC
502 South Irving Street
San Angelo, Texas 76903
Telephone: (325) 658-8000
Facsimile: (325) 227-6913

Rick DeHoyos
State Bar No. 05644085
rick@dehoyoslawfirm.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served on all counsel of record on this 19th day of March, 2015 as follows:

*Via Fax Transmission*
Kirk D. Willis
Benton Williams
The Willis Law Group, PLLC
10440 N. Central Expy., Suite 520
Dallas, TX 75231
Fax No.: (214) 736-9994

Rick DeHoyos

From:                                          03/19/2013 15:20    #851 P.008/021

## AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION

A.   I, CRYSTAL BINGHAM HERNANDEZ, hereby authorize **THE WILLIS LAW GROUP, PLLC. or their authorized representative,** to obtain and disclosure the protected health information described below for the following specific purposes:

1.   To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or

2.   Defense of the litigation filed under Cause No. 12-C482-l2, styled Crystal Bingham Hernandez *v. Patricia Michelle Rose and Tiffany Polley*, pending in the County Court at Law No. 2 of Tom Green County, Texas.

B.   The health information to be obtained, used or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

1.   The health information in the custody of the physicians or health care providers who have examined, evaluated or treated CRYSTAL BINGHAM HERNANDEZ in connection with the injuries alleged to have been sustained in the incident on *12-3-2010*. This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine or treat CRYSTAL BINGHAM HERNANDEZ for injuries alleged in connection with the claim.

2.   The health information in the custody of the attached physicians or health care providers who have examined, evaluated or treated CRYSTAL BINGHAM HERNANDEZ during a period commencing five years prior to the incident made the basis of the claim.

C.   Excluded Health Information.  The following constitutes a list of physicians or health care providers possessing health care information concerning to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental or emotional condition of CRYSTAL BINGHAM HERNANDEZ arising out of the claim made the basis of the claim:  None.

D.   The persons or class of persons to whom the health information of CRYSTAL BINGHAM HERNANDEZ will be disclosed or who will make use of said information are:

DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF                    PAGE 6
952.0313

1.     Any and all physicians or health care providers providing care or treatment to CRYSTAL BINGHAM HERNANDEZ;

2.     Any liability insurance entity providing liability insurance coverage or defense to PATRICIA MICHELLE ROSE AND TIFFANY POLLEY;

3.     Any consulting or testifying experts employed by or on behalf of PATRICIA MICHELLE ROSE AND TIFFANY POLLEY with regard to Plaintiff's litigation;

4.     Any attorneys (including secretarial, clerical or paralegal staff) employed by or on behalf of PATRICIA MICHELLE ROSE AND TIFFANY POLLEY; and

5.     Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of CRYSTAL BINGHAM HERNANDEZ.

E     This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the claim, whichever occurs sooner.

F.     I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, CIVIL PRACTICE AND REMEDIES CODE.

G.     I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment or eligibility for health plan benefits.

H. I understand that information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**
**952.0313**                                                             **PAGE 7**

From:                                        03/19/2013 15:20    #851 P.010/021

Dated: _____

*Crystal Bingham Hernandez*
CRYSTAL BINGHAM HERNANDEZ.

SOCIAL SECURITY NO.: 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

DATE OF BIRTH: 12-13-77

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**
**952.0313**

PAGE 8



## NUMBER 13-14-00242-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

MARIA DEL ROSARIO CORTINAS,                                              Appellant,

v.

NOE LOPEZ,                                                                            Appellee.

### On appeal from the 24th District Court of Goliad County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

In this appeal, appellant Maria Del Rosario Cortinas argues that the trial court erred in dismissing her personal injury suit against appellee, Noe Lopez, as a "death penalty" discovery sanction. We reverse and remand.

### I. BACKGROUND

Cortinas sued Lopez for injuries she suffered as a result of a motor vehicle collision

that took place on September 28, 2008, in Brownsville, Texas. Cortinas alleged in her original petition, dated September 23, 2010, that Lopez negligently rear-ended her vehicle, causing her to suffer "excruciating pain" and "extensive physical and emotional injuries," including a herniated disc in her neck, and necessitating her hospitalization at Valley Baptist Medical Center.

Lopez was insured by Reinsurance Company of America ("RCA") at the time of the collision and at the time the lawsuit was filed; however, RCA subsequently became insolvent and bankruptcy proceedings were instituted. Accordingly, on June 21, 2011, Lopez notified the trial court of RCA's bankruptcy, that RCA had been designated an "impaired insurer" by the Texas Commissioner of Insurance, and that the Texas Property and Casualty Insurance Guaranty Association ("TPCIGA") was therefore obligated by the Texas Property and Casualty Insurance Guaranty Act (the "Guaranty Act") to defend Lopez. See TEX. INS. CODE ANN. § 462.309 (West, Westlaw through 2013 3d C.S.). Lopez further notified the trial court that the Guaranty Act mandates a six-month stay of proceedings "[t]o permit [TPCIGA] to properly defend [the] pending cause of action . . . ." Id. § 462.309 (West, Westlaw through 2013 3d C.S.). Pursuant to the statute, the trial court proceedings were stayed from June 8, 2011 to December 8, 2011.

On April 9, 2012, Lopez served discovery requests upon Cortinas, including the following requests for production:

20. Provide a true and correct copy of the declaration page or pages for all policies of Insurance listed in Interrogatories to Plaintiff.[1]

21. Provide a letter from your employer and/or employer of your family member stating the insurance coverages and benefits available to each Plaintiff through that employer, if any.

---

[1] No interrogatory responses appear in the record.

22.     An executed affidavit regarding other insurance in substantially the same form as that attached hereto in Exhibit A.

In response to request number 20, Cortinas provided a copy of her Texas Auto Insurance identification card. In response to request number 21, Cortinas provided a copy of her Valley Baptist Health Plans health insurance identification card. In response to request number 22, Cortinas attached an affidavit stating that she was covered by an auto insurance policy with carrier "Insurance Corner" but that she has not received any benefits from that policy as a result of the September 2008 collision.[2] The affidavit stated, "For all of the policies of insurance I have listed above or in Exhibit A, I have attached a correct copy of the declarations pages, if available"; but no declarations pages were attached. The affidavit made no specific mention of Cortinas's health insurance policy.

Lopez then filed a motion to compel discovery in which he complained that Cortinas's responses were incomplete because she did not produce a declarations page "for each policy of insurance that would be applicable to her claims." Lopez argued in his motion that this omission was "vital" because, under the Guaranty Act, a plaintiff seeking recovery from an individual defended by TPCIGA must first exhaust her rights under any other applicable insurance policies. See TEX. INS. CODE ANN. § 462.251 (West, Westlaw through 2013 3d C.S.).[3] After a hearing on September 18, 2012, the trial court granted

---

[2] It is apparent from the record that Insurance Corner is not an insurance carrier but, rather, Cortinas's insurance agent.

[3] Section 462.251(a) of the Guaranty Act provides:

Any person who has a claim under an insurance policy, other than an impaired insurer's policy, and whose claim arises from the same facts, injury, or loss giving rise to a claim against an impaired insurer or the insurer's insured, must first exhaust the person's rights under the insurance policy, including:

(1)     a claim for benefits under a workers' compensation insurance policy or a claim for indemnity or medical benefits under a health, disability, uninsured motorist,

3

the motion to compel and ordered Cortinas to "respond completely to Defendant's Request for Production Numbers 20 and 21 on or before October 2, 2012." Cortinas then produced a supplemental response in which she stated that she was not in possession of any documents responsive to the request.[4]

Lopez subsequently filed a motion to dismiss as a sanction against Cortinas for her alleged failure to comply with the trial court's discovery order. *See* TEX. R. CIV. P. 215.2(b)(5). At a hearing on April 30, 2013, Cortinas's counsel gave the following explanation for why she had not produced the requested documentation:

> This is the issue we're having, Your Honor, and it boils down to this. In this accident my client had the very same insurance company that the defendant had. In other words, she had the same company that went out of business. She has gone to the—to Insurance Corner where she purchased her policy. She's asked for a copy of her dec page. She's written letters to the former company that's now out of business. They have told her that they cannot get a dec page for her because they're out of business and they don't even know where [their] files are.

Cortinas's counsel informed the court that he practiced due diligence in an attempt to obtain the declarations page for Cortinas's RCA policy, but that his efforts were to no avail.

In reply, Lopez's counsel did not argue that Cortinas should have produced the declarations page for her RCA policy. Instead, he stated:

> One of the—one of the problems in this case is that this policy with respect to [RCA] is just one of multiple policies that's available to the plaintiff. One

---

personal injury protection, medical payment, liability, or other insurance policy; and

(2)       the right to defense under the insurance policy.

TEX. INS. CODE ANN. § 462.251 (West, Westlaw through 2013 3d C.S.). TPCIGA and the defendant it represents are then entitled to "a full credit for the amount of the full applicable limits" of any other applicable policy, even if the plaintiff failed to timely file a claim. *See id.* §§ 462.252, 462.253 (West, Westlaw through 2013 3d C.S.).

[4] Neither the September 18, 2012 hearing transcript nor Cortinas's supplemental response appear in the record.

4

of the policies that's available is a health insurance policy. That health insurance policy has made payments on behalf of plaintiff's treatment. In the affidavit regarding other insurance with respect to that health insurance policy, the amount that the plaintiff states was paid by health insurance is zero. But, Your Honor, we've received an affidavit—a billing records affidavit that indicates that United Health Care, the health insurer for the plaintiff has, in fact, paid something in the amount of $893. . . . We do understand that this—that Valley Baptist Medical Center has been paid by plaintiff's health insurance carrier, but we haven't been able to receive those declarations policies.

Lopez's counsel asked the court to dismiss the case or, in the alternative, to abate the case for twenty days to allow Cortinas to obtain the necessary documents and, if she did not comply, to dismiss the case after that time period expired.

After the parties concluded their arguments, Cortinas's counsel informed the trial court that he was having difficulty contacting his client and may need to file a motion to withdraw. The trial court did not rule on Lopez's motion to dismiss but abated the case for thirty days to allow Cortinas's counsel to continue his attempts to both contact Cortinas and obtain the documentation desired by Lopez.

The trial court held another hearing on August 13, 2013. Lopez's counsel argued that Cortinas "has not exhausted any benefits through [her] health insurance," "[h]as not provided proof that that insurance coverage has been exhausted, and has not—still has not presented any declarations pages for her auto insurance." Cortinas's counsel stated that he was able to contact his client and would not be withdrawing from the case. He informed the trial court that, as to the RCA policy declarations page, "I'm unable to get [them] because there's no office. . . . [T]he company is gone, so that's an issue that I'm not sure how we're going to resolve." As to the health insurance policy, Cortinas's counsel stated that he requested explanation of benefits ("EOB") forms from Cortinas's insurer on July 26, 2013, and that "[m]y understanding is that they're on their way."

5

Cortinas's counsel further represented to the court that Lopez's counsel also sought a copy of a release of assignments Cortinas made upon her admission to Valley Baptist Medical Center. With respect to that document, counsel stated:

> We are having difficulty having the officials at Valley Baptist understand what it is, number one, and, number two, put a signature on it. . . . So basically my response is this, Your Honor, I understand [Lopez's counsel] wants their homework and he wants it now, but we have—we have worked—we've put a lot of manpower in this, a lot of attorney time, and a lot of assistant time trying to get the responsive documents, but these documents are coming from other companies, from other parties, and we're doing what we can to get this case resolved as well.

The trial court stated that he was not inclined to grant the motion to dismiss at that time but would instead grant Cortinas ninety additional days to comply, during which time the case would be abated. The court stated, however, that "[i]f you're in here still telling me you can't get the documents and the Insurance Code says you need the documents, most likely I will be dismissing at that point." Cortinas's counsel replied, "I understand."

On November 13, 2013, the trial court rendered an order stating that "any and all claims asserted against Defendant shall be dismissed with prejudice on December 12, 2013, unless Plaintiff obtains and furnishes a valid Release of Assignment of Lien from Plaintiff's healthcare providers and obtains and furnishes any and all Explanation of Benefit documentation from Plaintiff's health insurance carrier."[5]

On December 11, 2013, Lopez filed a motion requesting entry of an order granting its previously-filed motion to dismiss. In the motion, Lopez stated that Cortinas had not provided any EOB forms from her health insurance carrier. Lopez acknowledged that Cortinas had provided a "Release of Assignments" executed by a hospital representative,

---

[5] The order indicates, and Cortinas states on appeal, that a third dismissal hearing was held prior to the entry of this order. The record contains no transcript of any such hearing.

6

but he argued that this document was not compliant with the November 13 order because it was not a "Release of Assignment of Lien."[6] The trial court granted Lopez's motion on December 18, 2013, rendering a final judgment dismissing Cortinas's lawsuit with prejudice.

Cortinas then filed a motion to reconsider accompanied by affidavits detailing the

---

[6] The "Release of Assignments" document was prepared by Cortinas's counsel and presented to the hospital for execution. The document, a copy of which was attached to Lopez's motion for entry of order, states as follows:

> VALLEY BAPTIST MEDICAL CENTER BROWNSVILLE (the "Hospital") rendered services to [Cortinas] on or about September 26, 2008. The services resulted from a motor vehicle collision that occurred on or about that date. As of the date of this instrument, the current balance owed is $188.64.

> VALLEY BAPTIST MEDICAL CENTER . . . is the legal and equitable holder of a hospital lien in the above-referenced amount, which has been duly recorded in Cameron County, Texas.

> VALLEY BAPTIST MEDICAL CENTER, as a condition of its services rendered to [Cortinas], required her to assign and transfer "to the hospital, and hospital based physicians (i.e., radiologists, pathologists, anesthesiologists, emergency department physicians) all rights, title and interest in all benefits/monies payable for serves / supplies rendered, including but not limited to group medical / indemnity / self-insured / ERISA benefits / coverage, PIP, UIM / UM, auto / homeowner insurance, and all causes of action against any party or entity that may be responsible for payment of benefits / monies regardless of whether or not [Cortinas] ultimately settle[s her] claim with a non admission liability provision."

> VALLEY BAPTIST MEDICAL CENTER, also as a condition of its services rendered to [Cortinas], required her to assign and transfer to the hospital "any and all claims, demands, suits, remedies, guarantees, liens, and /or causes of action, at law or in equity, either in contract or in tort, statutory or otherwise, as well as any other claim, in whole or in part, which [she] may now have or may hereafter hold or possess, known or unknown, on account of, growing out of, relating to or concerning, whether directly or indirectly, proximately or remotely, any acts, omissions, events, transactions or occurrences that have occurred or failed to occur which resulted in injuries for which the hospital has provided and/or will provide medical goods and services to [her]."

> VALLEY BAPTIST MEDICAL CENTER further required [Cortinas] to assign and transfer to the hospital, "any and all rights (including appeal rights), title and interest in any and all benefits, monies or other form of compensation paid or to be paid on [her] behalf as a result of this injury / illness."

> VALLEY BAPTIST MEDICAL CENTER does hereby release and forever discharge all assignments made by [Cortinas] to the hospital as described above, *without altering or affecting in any way its rights with respect to the duly recorded hospital lien as described above.*

(Emphasis added.)

various efforts made by Cortinas's counsel and his staff to obtain the required documents. Cortinas's counsel averred in his affidavit, among other things, that he contacted the hospital's compliance director; that the compliance director "indicated that she would require the express approval of the hospital's legal department in order to sign the type of release we needed"; that "to speed up the process, I prepared my own form for a Release of Assignments for the legal department's review and signature"; and that "I received the executed Release of Assignments form and produced it to Defense counsel immediately upon my receipt, which was within the court-imposed deadline." The motion to reconsider was also accompanied by copies of the police report and hospital admission form, both dated September 26, 2008. At a hearing on March 25, 2014, Cortinas's counsel stated, among other things, that he contacted Cortinas's health insurance carrier and was informed that there would be no EOB forms generated because Cortinas's claims were being denied. The trial court denied the motion to reconsider the next day, and this appeal followed.

## II. Discussion

### A. Applicable Law and Standard of Review

So-called "death penalty sanctions" are authorized by rule 215.2(b) of the Texas Rules of Civil Procedure, which provides in part:

> If a party . . . fails to comply with proper discovery requests or to obey an order to provide or permit discovery, . . . the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (5)    an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing with or without prejudice the action or proceedings or any part

8

thereof, or rendering a judgment by default against the disobedient party . . . .

TEX. R. CIV. P. 215.2(b). Whether the imposition of sanctions is "just," as required by the rule, is measured by two standards:

> First, a direct relationship must exist between the offensive conduct and the sanction imposed. This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. . . . Second, just sanctions must not be excessive. The punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance.

*TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

Moreover, "[d]iscovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." *Id.* at 918. For example, "if a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it." *Id.* But "[s]anctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." *Id.* "Even then, lesser sanctions must first be tested to determine whether they are adequate to secure compliance, deterrence, and punishment of the offender." *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992).

A ruling on a motion for sanctions is reviewed for abuse of discretion, *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004), as is a ruling on a motion for new trial. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). The test for an abuse of discretion is not

9

whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but "whether the court acted without reference to any guiding rules and principles." *Cire*, 134 S.W.3d at 838–39. We reverse only if the ruling was arbitrary or unreasonable. *Id.* at 839.

## B.     Analysis

By her first issue, Cortinas contends that the trial court cannot require her "to create new documents or produce items that are not in her custody, possession, or control." We construe this issue as challenging the propriety of the discovery requests and discovery orders with which Cortinas was deemed to have not complied.

In response to Cortinas's first issue, Lopez contends that Cortinas waived any complaint about the discovery requests themselves (as opposed to the sanctions imposed for failing to comply with those requests) because she did not object to them. We agree. A party objecting to a request for written discovery must make that objection "in writing—either in the response or in a separate document—within the time for response." TEX. R. CIV. P. 193.2(a). "An objection that is not made within the time required . . . is waived unless the court excuses the waiver for good cause shown." TEX. R. CIV. P. 193.2(e). Here, Cortinas did not assert any objection to Lopez's discovery request until she argued in her motion to reconsider that the request impermissibly asks for documents not in her custody, possession, or control. Moreover, she did not object to the trial court's December 13, 2013 order—which, for the first time, required production of a "Release of Assignment of Lien"[7]—until the deadline for production as stated in that

---

[7] We note that, according to the record, Lopez never served any formal discovery request for EOB forms or a "Release of Assignment of Lien" form. Further, the Guaranty Act does not appear to require that a plaintiff produce any such forms in order to bring suit against a TPCIGA-defended party. *See generally id.* §§ 462.001–.351. Because the record does not contain a transcript of the hearing apparently held prior

10

order had passed. Finally, Cortinas did not attempt to establish "good cause" for her failure to timely object to the discovery requests and orders. *See id.* Accordingly, we overrule Cortinas's first issue as waived.

By her second issue, Cortinas contends that dismissal was improper because she "did not abuse the discovery process while exercising due diligence in attempting to comply with the court's order." Specifically, she contends that she showed "good cause . . . for her inability to obtain, create, and produce the documents sought" and that "the sanction was overly severe."[8] Lopez contends, on the other hand, that Cortinas had "ample opportunity to comply" with the requests and orders and that she "failed to avail herself of numerous opportunities over two years to avoid dismissal."

We agree with Cortinas that the sanctions imposed were unjust in light of all the circumstances. It is true, as Lopez notes, that the dismissal order came over five years after the accident made the basis of the suit. However, according to the record, the first formal discovery request was made by Lopez on April 9, 2012, after the mandatory six-month stay expired. Cortinas timely complied with that request. She did not include a declarations page for her auto insurance policy; however, counsel explained at the April 30, 2013 hearing that this was because her insurer—the same insurer that had covered

---

to the November 13, 2013 order, *see supra* n.5, we cannot discern why the production of these particular documents was compelled. In any event, as set forth above, Cortinas has waived any complaint regarding that order because she did not object to it prior to the production deadline. *See* TEX. R. CIV. P. 193.2.

[8] In response to Cortinas's second issue, Lopez argues that we may not consider the affidavits Cortinas filed with her motion to reconsider in evaluating whether the trial court erred by dismissing the suit. We agree. Because the affidavits were not before the trial court at the time the case was dismissed, we may not consider them in determining whether dismissal was proper. Moreover, "[a] party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that," among other things, "the evidence has come to its knowledge since the trial . . . ." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). Cortinas made no attempt to show that the facts recited in the affidavits "came to [her] knowledge" after the December 13, 2013 dismissal.

11

Lopez—was no longer in business. Lopez's counsel did not dispute that this fact constituted good cause for Cortinas's failure to produce the auto policy declarations page. Instead, Lopez's counsel essentially withdrew his original request and made a new request, not previously included in any formal written discovery, for EOBs that would show the amount of any funds paid to the hospital under Cortinas's health insurance policy. Later, at the August 13, 2013 hearing, Cortinas's counsel stated that he requested the EOBs from the health insurance carrier on July 26, 2013[9] and that his "understanding" was that the documents were "on their way."[10]

As to the "Release of Assignment of Lien" document, the record reveals much confusion. No formal request for this document appears in the record, and it is unclear whether or when any informal request may have been made. What is clear, however, is that Cortinas's counsel made a diligent effort to obtain such a document from the hospital. Counsel took it upon himself to prepare a "Release of Assignment" which provided that the hospital was releasing and discharging all assignments Cortinas made upon her admission. The duly executed "Release of Assignment" form was served upon Lopez prior to the discovery deadline. Lopez took exception to the fact that the release preserved the hospital lien, which is imposed by statute, *see* TEX. PROP. CODE ANN.

---

[9] Lopez emphasizes on appeal that Cortinas's counsel failed to show diligence because he first requested EOB forms from the health insurance carrier on July 26, 2013, which was "more than a year after they had been requested." But according to the record, the informal request for EOB forms was in fact first made at the April 30, 2013 hearing. The trial court then continued the hearing based on Cortinas's counsel's representation that he was having trouble contacting his client. In light of this background, counsel's delay in requesting EOB forms until July 26 does not appear unreasonable.

[10] At the motion to reconsider hearing, Cortinas's counsel explained that the health insurance carrier would not be providing any EOBs because Cortinas's claim was going to be denied anyway. Lopez's counsel did not dispute that this fact constituted good cause for Cortinas's failure to produce the EOBs, but again shifted the goalposts, arguing that "regardless of whether those claims may have been admitted or denied by the insurance carrier, there should be some explanation as to why those benefits were denied or whether those benefits were covered."

12

§ 55.002(a) (West, Westlaw through 2013 3d C.S.), but he did not cite any authority, and we find none, establishing that Cortinas was required to show that the hospital lien was released in order to sustain her action against Lopez. Accordingly, Cortinas's failure to provide a "Release of Assignment of Lien," though technically a violation of the November 13, 2013 discovery order, did not support a presumption that Cortinas's claim lacks merit. *See TransAmerican*, 811 S.W.2d at 917 ("Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit.").

Finally, there is nothing in the record showing that the trial court ever considered the availability of sanctions less stringent than dismissal or whether such lesser sanctions would fully promote compliance, as strictly required by the second prong of the *TransAmerican* test. *See id.*; *see also Chrysler Corp.*, 841 S.W.2d at 849 (noting that "lesser sanctions must first be tested to determine whether they are adequate").[11] On appeal, Lopez does not address the issue of lesser sanctions but instead relies on the fact that, at the August 13, 2013 hearing, Cortinas's counsel acknowledged that he "underst[oo]d" that the trial court would likely dismiss the case in ninety days if the documents were not produced. But this remark does not show that Cortinas consented to dismissal or that dismissal was "just"; and it has absolutely no bearing on the issue of whether the trial court fulfilled its duty, as stated by the Texas Supreme Court, to "consider" and "test" less stringent sanctions before imposing the "death penalty." *See*

---

[11] At the motion to reconsider hearing, Cortinas's counsel suggested, as an example of sanctions less stringent than dismissal, that the trial court could have ordered Cortinas to pay the expenses incurred by Lopez's counsel for travel to and from the various hearings. Other examples are provided in the rule authorizing death penalty sanctions. *See* Tex. R. Civ. P. 215.2(b)(5) (noting that, if a party fails to comply with discovery requests or orders, the court may strike pleadings or stay proceedings until the order is obeyed).

13

*TransAmerican*, 811 S.W.2d at 817; *see also Chrysler Corp.*, 841 S.W.2d at 849. Because the trial court acted without reference to these guiding rules and principles, it abused its discretion in dismissing the case. *See Cire*, 134 S.W.3d at 838–39. Cortinas's second issue is sustained.

### III. CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
10th day of December, 2014.

14